*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. | Case No. 12-01596-LPS <br><br> **PUBLIC VERSION OF D.I. 281** <br><br> **FILED: MARCH 10, 2021** |

**DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT OF
<u>INVALIDITY UNDER 35 U.S.C. § 112</u>**

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

## TABLE OF CONTENTS

**Page No.**

I. NATURE AND STATE OF THE PROCEEDINGS ...........................................................1
II. SUMMARY OF ARGUMENT .......................................................................................1
III. STATEMENT OF FACTS ..............................................................................................1
IV. LEGAL STANDARDS ...................................................................................................3
V. ARGUMENT ...................................................................................................................4
    A. The '843 patent specification does not disclose analyzing prior to receipt of a user command. ....................................................................................................4
    B. The '853 patent does not disclose analyzing prior to receipt of a user command. ...5
    C. The asserted claims of the '843 are invalid because they lack adequate written description. ............................................................................................................6
VI. CONCLUSION ................................................................................................................9

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................................3

*Crown Packaging Tech. v. Ball Metal Beverage*,
    635 F.3d 1373 (Fed. Cir. 2011)...............................................................................................2, 3

*Gentry Gallery, Inc. v. Berkline Corp.*,
    134 F.3d 1473 (Fed. Cir. 1998)..........................................................................................3, 6, 9

*ICU Med. Inc. v. Alaris Med. Sys., Inc.*,
    558 F.3d 1368 (Fed. Cir. 2009)....................................................................................6, 7, 8, 9

*LizardTech Inc. v. Earth Resource Mapping, Inc.*,
    424 F.3d 1336 (Fed. Cir. 2005)..........................................................................................3, 6, 9

*Purdue Pharma LP v. Faulding Inc.*,
    230 F.3d 1320 (Fed. Cir. 2000)..................................................................................................3

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997)..................................................................................................9

*TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Co.*,
    264 F.3d 1111 (Fed. Cir. 2001)..................................................................................................3

*Univ. of Rochester v. G.D. Searle & Co.*,
    358 F.3d 916 (Fed. Cir. 2004)....................................................................................................3

**Statutes**

35 U.S.C. § 112................................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56(c) ......................................................................................................................3

Fed. R. Evid. 702 ..........................................................................................................................1

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

**I.     NATURE AND STATE OF THE PROCEEDINGS**

Apple incorporates by reference the equivalent section set forth in Defendants' Motion to Exclude Roy Weinstein's Opinions and Testimony Under Fed. R. Evid. 702 and *Daubert* filed contemporaneously herewith.

**II.    SUMMARY OF ARGUMENT**

The asserted claims of U.S. Patent No. 7,917,843 (the "'843 patent") are invalid under 35 U.S.C. § 112, for failing to comply with the written description requirement. As Arendi's infringement theories make clear, Arendi contends that the claimed "analyzing" step may occur prior to the claimed "user command." But, the patent specification fails to disclose an analysis prior to receiving a user command, or that the named inventor was in possession of that concept. Both Arendi's experts and the named inventor concede that the specification fails to describe an analysis prior to receiving a user command. This failure to provide written description is fatal.

**III.   STATEMENT OF FACTS**

The '843 patent is a continuation of an application filed on November 10, 1998 which issued as U.S. Patent No. 6,323,853 (the "'853 patent"). Ex. 1, ('843 patent) at cover. The '843 patent asserted claims are independent claims 1 and 23 and dependent claims 8 and 30, which depend from claims 1 and 23, respectively.

The '843 patent describes the alleged invention as providing an input device, such as a button, "whereby a single click" can initiate retrieval of related name or address information "while the user works simultaneously in another program, e.g. a word processor." *Id.* at 2:14-34, 1:18-26. The alleged invention contemplates (1) analyzing a document to identify "first information" that can be searched for to find related "second information," (2) performing a

**CONFIDENTIAL OUTSIDE COUNSEL ONLY**

search for related "second information," and (3) if "second information" is found, performing an action using the "second information." *Id.*; *see also* Figs. 1, 2, 4:25-5:53.

> while the document is being displayed, ***analyzing***, in a computer process, ***first information from the document*** …
>
> …
>
> ***providing an input device***, configured by the first computer program, ***that allows a user to enter a user command to initiate an operation***, the operation comprising (i) ***performing a search*** using at least part of the first information as a search term in order to find the second information, of a specific type or types, associated with the search term in an information source external to the document, wherein the specific type or types of second information is dependent at least in part on the type or types of the first information, and ***performing an action*** using at least part of the second information;
>
> in consequence of receipt by the first computer program of the user command from the input device, ***causing a search*** for the search term in the information source, using a second computer program, in order to find second information related to the search term; and
>
> if searching finds any second information related to the search term, ***performing the action*** using at least part of the second information, wherein the action is of a type depending at least in part on the type or types of the first information.

These three actions are reflected in both independent claims:

*Id.*, claims 1, 23 (emphasis added).

The claims further require "providing an input device… that allows a user to enter a user command to initiate an operation" comprising two of these actions, *i.e.* performing a search and performing an action. *Id.* On their face, the claims do not require the claimed analysis to occur in response to the user command. *Id.* Arendi contends that the claims encompass performing the claimed analysis prior to, and decoupled from, the claimed user command. Indeed, Arendi's infringement theory requires an analysis to occur prior to the user entering a command on the input device, because ███████████████████████████████████████ ██████████████████. *See, e.g.*, Ex. 2 (Levy Rpt.) at ¶¶ 56-57, 87, 97, 111.

## IV. LEGAL STANDARDS

"The test for sufficiency of a written description is 'whether the disclosure clearly allow[s] persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'" *Crown Packaging Tech. Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1380 (Fed. Cir. 2011) (quoting *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)). To comply with the written description requirement, the original disclosure "must 'reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Id.* "[O]ne skilled in the art, reading the original disclosure, must immediately discern the limitation at issue in the claims." *Purdue Pharma LP v. Faulding Inc.*, 230 F.3d 1320, 1323 (Fed. Cir. 2000). This requires that the written description actually or inherently disclose the claim element. *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Co.*, 264 F.3d 1111, 1118-20 (Fed. Cir. 2001). Although the patentee need not "spell out every detail of the invention," the possession requirement demands that the written description show that the inventor actually "possessed the invention." *LizardTech Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

Deciding the issue of written description is appropriate at summary judgment. Although "compliance with the written description requirement is a question of fact," "a patent can be held invalid for failure to meet the written description requirement, based solely on the language of the patent specification," because "[a]fter all, it is in the patent specification where the written description requirement must be met." *Univ. of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 927 (Fed. Cir. 2004). Summary judgment "is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Gentry*

**CONFIDENTIAL OUTSIDE COUNSEL ONLY**

*Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998); *see* Fed. R. Civ. P. 56(a). To avoid summary judgment, Arendi must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## V.     ARGUMENT

The asserted claims of the '843 patent are invalid because they fail to satisfy the written description requirement of 35 U.S.C. § 112. The specification does not describe analyzing prior to receiving a user command, and the parent '853 patent further confirms that the inventor did not possess the full scope of the claimed invention. Accordingly, the asserted claims are invalid.

### A.     The '843 patent specification does not disclose analyzing prior to receipt of a user command.

There is no legitimate dispute that the specification fails to disclose an analysis that occurs prior to a user command on the input device. The specification exclusively describes the claimed analysis occurring in response to the receipt of a user command.

For example, Figure 1 depicts a flowchart that "starts" at step 2 with the user entering a user command, *i.e.* hitting a button. In response to the user command, a "program" analyzes the text entered by the user into the word document. *See* Ex. 1 ('843 patent) at 4:25-28 ("In FIG. 1, after the user has inserted the address in the word processor, the user commands the button at step 2 and the program analyzes what the user has typed in the document at step 4."). Figure 2 likewise depicts a flowchart that "starts" at step 2 with the user entering a user command, *i.e.* selecting the OneButton. *Id.* at Fig. 2. In response to the user command, a program analyzes the text entered by the user into the word document at step 4. *Id.*; *see also* 5:9-11. Figures 1 and 2 thus unambiguously depict an analysis that occurs after and in response to a user command.

Each of the described embodiments likewise describes an analysis that occurs after, and in response to, receipt of a user command. For example, the "starting point" for Example 1 is a

document in which a user has entered a name. *Id.* at 5:63-65. The "program according to the present invention" is executed when the user enters a user command (*i.e.* "the user hits the button"). *Id.* at 5:54-57, 5:65-6:5. To the extent there is any ambiguity as to when the claimed analysis occurs, the specification confirms that the claimed analysis occurs *after* the entry of the user command, stating that the described example "corresponds to steps 2, 4…. of Figs. 1 and 2," which, as established above, unambiguously depict an analysis that occurs after and in response to a user command. Each of the other examples likewise describe an analysis that occurs after and in response to a user command. *See, e.g., id.* at 5:63-6:5; 6:35-38; 6:59-60; 7:20-23; 8:3-5; 8:46-49; 8:66-67.

Arendi and its invalidity expert Dr. Sacerdoti have not identified any disclosure in the specification of an analysis that occurs *prior* to the receipt of a user command. Indeed, Dr. Sacerdoti . Arendi's infringement expert Dr. Levy likewise ); *see also id.* at 145:23-154:13. The named inventor also " Ex. 5 (Hedloy 10.30.19 Tr.) at 622:4-8.

### B. The '853 patent does not disclose analyzing prior to receipt of a user command.

The originally filed application for the '853 patent, to which the '843 patent claims priority, further confirms that the inventor did not possess the full scope of alleged inventions claimed in the '843 patent. The application resulting in the '853 patent was filed on Nov. 10,

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

1998, nearly 10 years before the '843 patent was filed. Ex. 6 ('853 patent) at cover; Ex. 1 ('843 patent) at cover. Because the '843 patent is a continuation of the '853 patent, the patents share substantially the same figures and specification. As established above, this shared specification fails to disclose analyzing prior to the receipt of a user command.

Moreover, the issued claims of the '853 patent further confirm that at the time of the alleged invention, it involved an analysis that occurred after and in response to a user command. The sole independent claim of the '853 patent recites in relevant part:

> ***upon a single entry of the execute command*** by means of the input device:
>
> ***analyzing the document*** to determine if the first information is contained therein, and
>
> ***if the first information is contained in the document, searching***, using the record retrieval program, the information source for second information associated with the first information; and
> when the information source includes second information associated with the first information, ***performing at least one of,***
> (a) displaying the second information,
> (b) inserting the second information in the document, and
> (c) completing the first information in the document based on the second information.

Ex. 6 ('853 patent), claim 1 (emphasis added). Consistent with the exclusive teachings of the '843 patent specification, the '853 patent's claim 1 recites a single execute command that results in each of the 3 actions: (1) analyzing, (2) searching, and (3) performing an action.

### C. The asserted claims of the '843 are invalid because they lack adequate written description

The Federal Circuit has repeatedly held that the specification must provide written description support for the full scope of the claims. *See LizardTech,* 424 F.3d at 1346-47 ("the description of one method for creating a seamless DWT does not entitle the inventor… to claim any and all means for achieving that objective."); *see also ICU Med. Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1377-78 (Fed. Cir. 2009) (finding claims encompassing "spikeless" valves

lacked written description where the specification only described valves with "spikes"); *Gentry Gallery*, 134 F.3d at 1479 (finding claims lacked written description where specification described only controls located on a console and claims did not specify the control location).

*ICU Medical* is directly analogous. In *ICU Medical*, the Federal Circuit affirmed summary judgment of invalidity under 35 U.S.C. § 112 for lack of written description. *ICU Med.*, 558 F.3d at 1377. The patents at issue were directed to a medical valve that may receive fluid from a syringe without the use of an external needle. *Id.* at 1372. The patent specifications exclusively described medical valves with "spikes." *Id.* at 1378. Nonetheless, certain "spikeless" claims did not require that the medical valve include spikes. *Id.* The asserted patents claimed priority to an application filed nearly 10 years earlier. However, the original application did not include "spikeless" claims; "rather they were added years later during prosecution." *Id.* at 1377. The *ICU Medical* Court noted that the "spikeless claims… cover[] those valves that operate with a spike and those that operate without a spike." *Id.* at 1378. However, because the specification did not disclose valves without spikes, the Court concluded that the "spikeless" claims failed to satisfy the written description requirement.

Here, Arendi contends that the asserted claims of the '843 patent encompass an analysis that occurs prior to, and decoupled from, the claimed user command. However, as established above, the specification exclusively describes an analysis that occurs in response to a user command. Like the *ICU Medical* patents, the '843 patent claims priority to an application filed nearly 10 years earlier, which did not claim an analysis that occurs prior to receipt of a user command. Rather, the asserted claims were added years later during prosecution, when the '843 patent was filed. As in *ICU Medical*, the specification fails to disclose the full scope of the claims and, more specifically, fails to disclose an analysis that occurs prior to or decoupled from

CONFIDENTIAL OUTSIDE COUNSEL ONLY

the user command. Accordingly, the claims of the '843 patent are likewise invalid under 35 U.S.C. § 112. *ICU Med.*, 558 F.3d at 1377-78.

Arendi contends that one skilled in the art would understand that the inventor possessed an invention that performed the claimed analysis before or after a user command, because the summary of the invention does not describe a specific ordering of the claimed analyzing and the receipt of a user command. Ex. 7 (Sacerdoti Rpt.) at ¶ 179 (quoting '843 patent at 2:14-34). This passage fails to support Arendi's contention. Rather, the summary of the invention makes clear that the objects of the "present invention" are achieved with a function item, with which a "single click" initiates a search for information "corresponding to what the user types or partly typed." *Id.* The invention, as recited in the claims, requires "analyzing . . . first information from the document." Thus, if the claimed "analyzing" occurred prior to receipt of the user command, then the invention would not be achieved by "a single click" as described. Ex. 8 (Lieberman Reply Rpt.) at ¶ 155. And as the rest of the specification makes clear, it is the user's interaction with the input device that results in analyzing the document to identify first information that can be used to search for associated second information. Ex. 9 (Lieberman Rpt.) at ¶¶ 404-411.

Arendi also contends that the figures and descriptions in the patent are merely exemplary and therefore do not exclude analyzing before the user command. Ex. 7 (Sacerdoti Rpt.) at ¶ 180. However, in *ICU Medical*, the Court rejected this argument, concluding that figures and descriptions depicting valves with a spike demonstrate that a person skilled in the art would not have understood the inventor to have invented spikeless valves. *ICU Med.*, 558 F.3d at 1377.

Finally, Arendi contends that a skilled artisan would understand that the invention could be implemented both when the analyzing precedes the user's command and when it follows the

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

user command. Ex. 7 (Sacerdoti Rpt.) at ¶ 182. Again, however, the *ICU Medical* Court rejected this very argument, concluding that "it is not enough that it would have been obvious to a person of ordinary skill that [a disclosed embodiment] could be used without a spike." *Id.* at 1378-79; *see also Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1567 (Fed. Cir. 1997) ("a description which renders obvious a claimed invention is not sufficient to satisfy the written description requirement of that invention.").

Because claims 1 and 23 encompass an analysis that occurs prior to receipt of the claimed user command, and because Arendi cannot reasonably dispute that the specification lacks disclosure of an analysis that occurs prior to the receipt of the claimed user command, claims 1 and 23 are invalid under 35 U.S.C. § 112. *LizardTech,* 424 F.3d at 1346-47; *ICU Med.*, 558 F.3d at 1377-78; *Gentry Gallery*, 134 F.3d at 1479. Because dependent claims 8 and 30 incorporate the limitations of claims 1 and 23, respectively these claims also are invalid.

## VI. CONCLUSION

For the foregoing reasons, Apple respectfully requests the Court find the '843 patent asserted claims lack written description and are therefore invalid under 35 U.S.C. § 112.

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

Dated: March 5, 2021

**OF COUNSEL**:
Mark D. Fowler (admitted *Pro Hac Vice*)
Christine K. Corbett (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Telephone: 650.833.2000
Facsimile: 650.833.2001
mark.fowler@dlapiper.com
christine.corbett@dlapiper.com

Robert C. Williams (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701
robert.williams@dlapiper.com

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: 302.468.5700
Facsimile: 302.394.2341
brian.biggs@us.dlapiper.com
erin.larson@us.dlapiper.com

*Attorneys for Defendant Apple Inc.*

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

### CERTIFICATE OF SERVICE

I, Brian A. Biggs, do hereby certify that on this 5th day of March, 2021, a true and correct copy of: **DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112** was served on the following counsel of record vial electronic mail:

Neal C. Belgam
Eve H. Ormerod
**SMITH, KATZENSTEIN & JENKINS, LLP**
1000 West Street
Suite 1501
Wilmington, DE 19801
nbelgam@skjlaw.com
eormerod@skjlaw.com
bas@skjlaw.com

John P. Lahad
Ibituroko-Emi Lawson
Brenda Adimora
Burton DeWitt
Travis Korman
**SUSMAN GODFREY LLP**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
jlahad@susmangodfrey.com
elawson@susmangodfrey.com
badimora@susmangodfrey.com
bdewitt@susmangodfrey.com
tkorman@susmangodfrey.com

Kalpana Srinivasan
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
ksrinivasan@susmangodfrey.com

Seth Ard
Max I. Straus
Beatrice Franklin
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
sard@susmangodfrey.com
mstraus@susmangodfrey.com
bfranklin@susmangodfrey.com

Kemper Diehl
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
kdiehl@susmangodfrey.com