**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ARENDI S.A.R.L.,

                Plaintiff,

       v.

APPLE INC.

                Defendant.

Case No. 12-01596-LPS

**PUBLIC VERSION OF D.I. 390
FILED: MAY 13, 2021**

**DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGEMENT OF INVALIDITY UNDER 35 U.S.C. § 112**

WEST/294058483

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................................1

II. ARGUMENT.........................................................................................................................1

    A.  Undisputed Facts Confirm The Specification Fails to Disclose The Full Scope Of The Purported Invention ......................................................................................1

    B.  Arendi Incorrectly Contends The Ordering Of The Claimed Analysis And User Command Is "Immaterial".................................................................................3

    C.  The Asserted Claims Lack Written Description Support Under Controlling Precedent........................................................................................................5

III. CONCLUSION.....................................................................................................................6

ii

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*,
 509 U.S. 209 (1993).............................................................................................................2

*Cordis Corp. v. Medtronic AVE, Inc.*,
 339 F.3d 1352 (Fed. Cir. 2003)..........................................................................................6

*Gentry Gallery, Inc. v. Berkline Corp.*,
 134 F.3d 1473 (Fed. Cir. 1998).......................................................................................5, 6

*ICU Med. Inc. v. Alaris Med. Sys., Inc.*,
 558 F.3d 1368 (Fed. Cir. 2009)..........................................................................................6

*Lampi Corp. v. American Power Prods., Inc.*,
 228 F.3d 1365 (Fed. Cir. 2000)..........................................................................................6

*LizardTech, Inc. v. Earth Resource Mapping, Inc.*,
 424 F.3d 1336 (Fed. Cir. 2005).......................................................................................5, 6

*TechSearch, L.L.C. v. Intel Corp.*,
 286 F.3d 1360 (Fed. Cir. 2002)..........................................................................................5

**Statutes**

35 U.S.C. § 112.................................................................................................................1, 6

WEST/294058483

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

I.      **INTRODUCTION**

Arendi concedes every important fact that entitles Apple to summary judgment of invalidity.  Indeed, Arendi does not dispute that: (1) the asserted claims encompass the claimed "analyzing" occurring before the claimed user command is received; (2) the '843 patent fails to disclose any "analyzing" occurring before the claimed user command is received; and (3) the '843 patent exclusively describes "analyzing" occurring after and in response to a received user command, and Arendi cites no evidence to the contrary.  D.I. 353 at 4-14.

Notwithstanding the lack of any written description of the claimed analysis that occurs prior to receipt of the claimed user command, Arendi contends that the claims are supported by the specification, because the order of the analysis and the user command receipt is "immaterial" to the alleged invention.  D.I. 353 at 1.  Arendi's argument fails, however, as it ignores the consistent, repeated, and exclusive teachings of the specification that the "present invention" involves analyzing information in response to receipt of a user command.  Because the written description fails to support the full scope of claims, the claims are invalid under Section 112.

II.     **ARGUMENT**

      A.      **Undisputed Facts Confirm The Specification Fails to Disclose The Full Scope Of The Purported Invention**

The asserted claims require "analyzing" "first information from [a] document" and "providing an input device" "that allows a user to enter a user command to initiate an operation." D.I. 281 at 2.  Arendi does not dispute that the asserted claims encompass an analysis that occurs prior to receipt of the claimed user command: "[n]either the claims asserted in this action nor the specification of the '843 Patent restrict the order in which these processes occur."  D.I. 353 at 1. Indeed, Arendi concedes that its infringement theory relies on an analysis that occurs before receipt of the claimed user command.  *See id*. at 7, n.1 (citing Levy Reply Report).  Further,

-1-

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

Arendi does not dispute that the specification provides no description of an analysis that occurs

prior to receipt of the claimed user command.  In this regard, Arendi cites no disclosure, express

or implied, of an analysis that occurs before receipt of a user command.  D.I. 353 at 4-8.  Nor can

it.  As established in Apple's opening brief, ████████████████████████████████████

████████████████████████████████.  D.I. 281 at 4-5.

Arendi instead attempts to manufacture a factual dispute arguing that the flowcharts of

Figs. 1 and 2 (which unambiguously depict an analysis occurring after and in response to the

received user command (*see* D.I. 281 at 4-5)) are merely "*exemplary*" embodiments offered "in

the context of one of eight exemplary embodiments."  D.I. 353 at 4-5 (emphasis in original).

Arendi asserts that "none of the embodiments labelled Example 1 through Example 7 mentions

the order of analyzing and the user command."  *Id.* at 5.  Arendi ignores, however, that the

specification expressly ties each of the disclosed examples to steps 2 and 4 in the flowcharts of

Figs. 1 and 2.  *See* D.I. 281 at 4-5 (citing '843 patent at 5:63-65; 5:54-57, 5:65-6:5, 6:35-38,

6:59-60, 7:20-23, 8:3-5, 8:46-49, 8:66-67).  These express statements linking each described

example to steps of the flowchart are not ambiguous, as Arendi and its expert Dr. Sacerdoti

suggest.  D.I. 353 at 5-6 (citing Straus Decl., Ex. 1 (Sacerdoti Depo. Tr.) at 190:11-25).  Arendi's

infringement expert conceded that ████████████████████████████████████

████████████████████████████  D.I. 282, Ex. 4 (Levy Tr.) at 150:4-7 (Example

1); 150:12-15 (Example 2); 152:8-13 (Examples 3-7).  Dr. Sacerdoti's opinions, which contradict

the express teachings of the specification, cannot defeat summary judgment.  *Brooke Grp. Ltd. v.*

*Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("when indisputable record facts

contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict").

-2-

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

Undisputed facts thus confirm that the '843 patent specification fails to disclose the full scope of the asserted claims.

> **B.     Arendi Incorrectly Contends The Ordering Of The Claimed Analysis And User Command Is "Immaterial"**

Arendi contends that the specification nonetheless demonstrates that the inventor was in possession of such an invention, because the specification does not "suggest that the invention itself goes to the order of analyzing and the user command . . . ." D.I. 353 at 6-8. Specifically, Arendi contends that the "Summary of the Invention" requires that the input device initiate a search but is "silent concerning when the analysis must occur." *Id.* at 6-7 (citing '843 patent at 2:14-25). However, this passage expressly states that objects of the purported invention are achieved "by providing… a function item… tied to a user operation in a computer, whereby a single click on the function item" results in the practice of the invention. *Id.* To the extent an analysis occurs, separate and apart from the "function item… tied to a user operation," the purported invention would not be practiced with a "single click on the function item." D.I. 281 at 8 (citing Lieberman Reply Rpt. at ¶ 155). For example, an analysis that occurs when a document is opened or as a user types, as Arendi suggests (D.I. 353 at 7, n.1), would not "be achieved" "by a single click on the function item"; rather additional processing separate and apart from the click on the function item would be required. D.I. 282, Ex. 8 at ¶ 155.

Arendi also ignores that the "Summary of the Invention" describes a "single click on the function item" resulting in not only a search, but also "initiating retrieval" of first information. '843 patent at 2:14-25. The patent explains that retrieval of information is performed by "a program" that is executed when the user "clicks, selects, commands, etc. the button" in a word processor. *Id.* at 3:42-54 ("A program then executes and retrieves the typed information from the document."). The program initiates retrieval of information from the document by

-3-

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

performing the claimed analysis.  *Id.* at 4:25-28 ("In Fig. 1, after the user has inserted the address in the word processor, the user commands the button at step 2 and ***the program*** analyzes what the user typed in the document at step 4.") (emphasis added).  Each disclosed example likewise discloses initiating retrieval of information from the document by performing the claimed analysis.  For example, in Example 1 the "user hits the button 42 . . .  and the program according to the present invention retrieves the name 40 from the document" (*id.* at 5:64-67), which the specification maps to steps 2 and 4 in Figures 1 and 2.  *Id.* at 6:4-5.  The patent thus unambiguously discloses a user command resulting an analysis and retrieval of information from the document.

Other descriptions of the "present invention" are likewise consistent only with an analysis that occurs after, and in response to, receipt of the user command.  For example, the patent states that "[a]ddress handling, according to this invention, is a significant simplification relative to existing methods . . . .  [A] program according to the present invention, can be programmed and… connected to most modern word processors."  '843 patent at 9:50-57.  Because the "program" is executed only after the user clicks the button in a word processor, analyzing prior to the user command would require something other than the "program" (e.g. the word processor itself) to perform the claimed analysis.  However, if the word processor must be modified to perform the claimed analysis, the purported invention would not provide the stated benefit of a "program" capable of simply being "connected to" most modern word processors.  *Id.*

Arendi also attempts to manufacture a factual dispute citing the opinion of its expert Dr. Sacerdoti regarding ███████████████████████████████████████ ████████ D.I. 353 at 7-8.  Apple's brief demonstrates that ██████████████████ are incorrect and contrary to Federal Circuit precedent.  D.I. 281 at 5, 8-9.  Further, Dr. Sacerdoti

-4-

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

cites no evidence supporting his opinions ███████████████████████████████████

███████████. *Id.*; D.I. 282, Ex. 7 ¶ 179.  Dr. Sacerdoti's unsupported opinion thus cannot

defeat summary judgment.  *See TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1372 (Fed.

Cir. 2002) ("unsupported or conclusory averments are insufficient to avoid summary judgment . .

. ") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Thus, not only does the patent exclusively and consistently describe the invention as

including an analysis that occurs after, and in response to, receipt of a user command, this

ordering is critical to achieving stated goals of the invention.

### C.   The Asserted Claims Lack Written Description Support Under Controlling Precedent

The Federal Circuit has repeatedly held that the specification must provide written

support for the full scope of the claims.  D.I. 281 at 6-7.  Undisputed facts confirm that the

claims encompass performing the claimed analysis before receiving the claimed user command,

and there is no description of this ordering in the specification.  *Id.* at 4-5.  Thus, the Federal

Circuit's decisions in *ICU Medical*, *Gentry Gallery* and *LizardTech* confirm that the asserted

claims lack written description.  *Id.* at 6-9.

Arendi argues that these cases are inapposite because the claim terms at issue for those

cases were "integral to the invention described in the patent specification," whereas the '843

patent specification "does not mention the order of analysis and user command."  D.I. 353 at 10-

12.  As established above, however, Arendi's characterization of the specification is incorrect.

The patent unambiguously describes only analyzing that occurs after the user command is

received, and this ordering is critical to achieving stated goals of the invention.  Thus, the

asserted claims are directly analogous to those found invalid in *ICU Medical*, *Gentry Gallery* and

*LizardTech*.  D.I. 281 at 6-9.

WEST/294058483

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

Arendi's cited cases are inapposite for substantially the same reason. For example, in *Cordis Corp.*, the Federal Circuit concluded that the patent at issue satisfied the written description requirement, where the patent described both "complete slots" and "half slots," and expressly defined the term "slot" as encompassing both types of slots. *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1364-66 (Fed. Cir. 2003). Indeed, the word "slot" was used to refer to both types of slots, and the particular configuration of the "plurality of slots" was not an important aspect of the invention. *Id.* Similarly, in *Lampi*, the Federal Circuit concluded that claims that encompassed both identical and non-identical half shells were supported by a specification which described embodiments with identical half shells, but also referred to "half-shells" without any modifier. *Lampi Corp. v. American Power Prods., Inc.*, 228 F.3d 1365, 1377-78 (Fed. Cir. 2000). In contrast, only one type of analyzing is described in the '843 patent specification—analyzing that occurs after a user command is received, and this sequence is critical to achieving the stated benefit of a "program according to the present invention" being capable of simply being "connected to most modern word processors."

Because undisputed facts confirm that the asserted claims encompass an analysis that occurs prior to receipt of the claimed user command, and the specification lacks disclosure of an analysis that occurs prior to the receipt of the claimed user command, claims 1 and 23 are invalid under 35 U.S.C. § 112. *LizardTech, Inc. v. Earth Resource Mapping, Inc.,* 424 F.3d 1336, 1346-47 (Fed. Cir. 2005); *ICU Med. Inc. v. Alaris Med. Sys., Inc.,* 558 F.3d 1368, 1377-78 (Fed. Cir. 2009); *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473, 1479 (Fed. Cir. 1998).

**III.      CONCLUSION**

For the reasons set forth above, the Court should enter summary judgment in favor of Apple and find the asserted claims lack of written description and are therefore invalid.

WEST/294058483

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

Dated: May 6, 2021

**OF COUNSEL**:

Mark D. Fowler (admitted *Pro Hac Vice*)
Christine K. Corbett (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: 650-833-2000
Facsimile: 650-833-2001
mark.fowler@us.dlapiper.com
christine.corbett@us.dlapiper.com

Robert C. Williams (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619-699-2700
Facsimile: 619-699-2701
robert.williams@us.dlapiper.com

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: 302-468-5700
Facsimile: 302-394-2341
brian.biggs@us.dlapiper.com
erin.larson@us.dlapiper.com

*Attorneys for Defendant Apple Inc.*

-7-

WEST/294058483

*CONFIDENTIAL OUTSIDE COUNSEL ONLY*

## CERTIFICATE OF SERVICE

I, Brian A. Biggs, do hereby certify that on this 6th day of May, 2021, a true and correct copy of: **DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112** was served on the following counsel of record vial electronic mail:

Neal C. Belgam
Eve H. Ormerod
**SMITH, KATZENSTEIN & JENKINS, LLP**
1000 West Street
Suite 1501
Wilmington, DE 19801
nbelgam@skjlaw.com
eormerod@skjlaw.com
bas@skjlaw.com

John P. Lahad
Ibituroko-Emi Lawson
Brenda Adimora
Burton DeWitt
Travis Korman
**SUSMAN GODFREY LLP**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
jlahad@susmangodfrey.com
elawson@susmangodfrey.com
badimora@susmangodfrey.com
bdewitt@susmangodfrey.com
tkorman@susmangodfrey.com

Kalpana Srinivasan
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
ksrinivasan@susmangodfrey.com

Seth Ard
Max I. Straus
Beatrice Franklin
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
sard@susmangodfrey.com
mstraus@susmangodfrey.com
bfranklin@susmangodfrey.com

Kemper Diehl
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
kdiehl@susmangodfrey.com

/s/ Brian A. Biggs
Brian A. Biggs

-8-